Brendan Cummings (CA Bar No. 193952)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 549
Joshua Tree, CA 92252
Phone:   (760) 366-2232
Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org

Andrea A. Treece (CA Bar No. 237639)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone:   (415) 436-9682
Facsimile: (415) 436-9683
Email: atreece@biologicaldiversity.org

**Counsel for Plaintiff**


JOHN CRUDEN,
Acting Assistant Attorney General
Environment & Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
JOHN H. MARTIN III, Trial Attorney (CO Bar No. 32667)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1383
Facsimile: (303) 844-1350
Email: john.h.martin@usdoj.gov

**Counsel for Defendants**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

Stipulated Settlement Agreement

Case No. 09-cv-01415 (TEH)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>KEN SALAZAR, in his official capacity as Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE, an agency of the United States Department of the Interior,<br><br>Defendants | Case No. 09-cv-01415 (TEH)<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff the Center for Biological Diversity ("Center" or "Plaintiff") and Defendants Ken Salazar, in his capacity as Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"). Plaintiff and Defendants (referred to as "Parties" or "Party," as appropriate, for purposes of the Agreement), by and through their undersigned counsel, state as follows:

WHEREAS, on October 16, 2007, the Service received from the Center a petition requesting that the Service list the ashy storm-petrel, *Oceanodroma homochroa*, as endangered or threatened under the Endangered Species Act ("ESA");

WHEREAS, on May 15, 2008, the Service published a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that listing the ashy storm-petrel may be warranted. 73 Fed. Reg. 28080 (May 15, 2008).

WHEREAS, on April 1, 2009, the Center filed a Complaint for declaratory and injunctive relief, challenging the Defendants' failure to issue a twelve-month finding on the ashy storm-petrel, in response to the petition, as required by 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, Plaintiff and Defendants, through their authorized representatives and without

1  any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have
2  reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the
3  disputes set forth in Plaintiff's Complaint;

4  WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is
5  in the public interest and is an appropriate way to resolve the dispute between them;

6  NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN PLAINTIFF AND
7  DEFENDANTS AS FOLLOWS:

8  1.  On or before August 12, 2009, the Service shall submit to the Federal Register for
9  publication a twelve-month finding indicating that listing the ashy storm-petrel species is (a)
10 warranted; (b) not warranted; or (c) warranted but precluded by higher priority listing actions,
11 pursuant to 16 U.S.C. § 1533(b)(3)(B).

12 2.  The Parties may seek to modify the deadlines specified in Paragraph One for good
13 cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that
14 either of the Parties believes that the other Party has failed to comply with any term or condition of
15 this Agreement, that Party shall use the dispute resolution procedures specified in Paragraph Three
16 below.

17 3.  The Order entering this Agreement may be modified by the Court upon good cause
18 shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the
19 Parties filed with and approved by the Court, or upon written motion filed by one of the Parties with
20 the Court. In the event that either of the Parties seeks to modify the terms of this Agreement,
21 including the deadlines for the actions specified in Paragraph One, or in the event of a dispute
22 between the Parties arising out of or relating to this Agreement, or in the event that either of the
23 Parties believes that the other Party has failed to comply with any term or condition of this
24 Agreement, the Party seeking the modification, raising the dispute or seeking enforcement shall
25 provide the other Party with notice of the claim. The Parties agree that they will meet and confer
26 (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the

27 Stipulated Settlement Agreement
28 Case No. 09-cv-01415 (TEH)

1  claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves,
2  either Party may seek relief from the Court.

3      4. This Agreement only requires the Defendants to take action by the deadline specified
4  in Paragraph One and does not limit the Defendants' authority with regard to the substantive
5  outcome of any determinations. To challenge any petition finding issued in accordance with this
6  Agreement, Plaintiff must file a separate action. Plaintiff does not waive its ability to challenge
7  substantive decisions made by the Defendants pursuant to Paragraph One, above, and Defendants
8  do not waive any applicable claims or defenses.

9      5. No Party shall use this Agreement or the terms herein as evidence of what does or
10 does not constitute a reasonable time line for making a determination pursuant to section 4 of the
11 ESA, 16 U.S.C. § 1533, in any other proceeding regarding the Defendants' implementation of the
12 ESA.

13     6. Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys'
14 fees in this matter for a total of eleven thousand dollars ($11,000.00). Payment will be made
15 payable in that amount to the Center for Biological Diversity. Defendants agree to submit all
16 necessary paperwork for the processing of the attorneys' fee award to the United States Department
17 of Treasury's Judgment Fund Branch, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business
18 days of receipt of the court order approving this Agreement.

19     7. Plaintiff agrees to accept payment of the amount specified in Paragraph Six in full
20 satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is
21 entitled in the above-captioned litigation, through and including the date of this Agreement. Plaintiff
22 agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims
23 for attorneys' fees and costs in this matter, through and including the date of this Agreement.

24     8. The Parties agree that Plaintiff reserves the right to seek additional fees and costs
25 incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to
26 modify the underlying schedule outlined in Paragraph One or for any other continuation of this

27 Stipulated Settlement Agreement
28 Case No. 09-cv-01415 (TEH)

1  action. By this Agreement, Defendants do not waive any right to contest fees or costs claimed by
2  Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of
3  the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value
4  and shall not be used as evidence in any other attorneys' fees litigation.

5      9. No provision of this Agreement shall be interpreted as, or constitute, a commitment
6  or requirement that Defendants take action in contravention of the ESA, the Administrative
7  Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing
8  in this Agreement shall be construed to limit or modify the discretion accorded to the Defendants
9  by the ESA, the APA, or general principles of administrative law with respect to the procedures to
10 be followed in making any determination required herein, or as to the substance of any final
11 determination.

12     10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement
13 that Defendants obligate to pay any funds exceeding those available, or take any action in
14 contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations
15 law.

16     11. The Parties agree that this Agreement was negotiated in good faith, and it constitutes
17 a settlement of claims that were vigorously contested, denied, and disputed by the Parties. By
18 entering into this Agreement the Parties do not waive any claim or defense.

19     12. The undersigned representatives of each Party certify that they are fully authorized
20 by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this
21 Agreement and do hereby agree to the terms herein. The terms of this Agreement constitute the
22 entire agreement of the Parties with regard to Plaintiff's claims in the above-captioned case, and no
23 statement, agreement or understanding, oral or written, which is not contained herein, shall be
24 recognized or enforced.

25     13. None of the provisions or obligations of this Settlement Agreement shall become
26 binding and effective unless and until the Court enters an Order approving the terms of this

27 Stipulated Settlement Agreement
28 Case No. 09-cv-01415 (TEH)

Settlement Agreement. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Respectfully submitted,

Dated: June 30, 2009    By: */s/ Brendan Cummings*
BRENDAN CUMMINGS
Center for Biological Diversity

Counsel for Plaintiff


JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division

Dated: June 30, 2009    By: */s/ John H. Martin*
JOHN H. MARTIN, Trial Attorney

Counsel for Defendants

Stipulated Settlement Agreement
Case No. 09-cv-01415 (TEH)

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Stipulated Settlement Agreement on:

| | |
|---|---|
| Brendan R. Cummings | Andrea A. Treece |
| Center for Biological Diversity | Center for Biological Diversity |
| P.O. Box 549 | 351 California Street, Suite 600 |
| Joshua Tree , CA 92252 | San Francisco , CA 94104 |
| bcummings@biologicaldiversity.org | atreece@biologicaldiversity.org |

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

\_\_\_    by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Denver, Colorado.

\_\_\_    by hand delivery.

\_\_\_    by sending via overnight courier in a sealed envelope

\_\_\_    by faxing to the attorney at the fax number that is the last-known fax number for the attorney's office.

_X_    by electronic service of the Clerk pursuant to Fed. R. Civ. P. 5(d)(3) and Local Civil Rule 5-4 regarding electronic case filings.

DATED this 30th day of June, 2009.

 */s/ John H. Martin*

John H. Martin

Stipulated Settlement Agreement

Case No. 09-cv-01415 (TEH)